Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000862
09-DEC-2016
09:35 AM

NOS. CAAP-15-0000862 and CAAP-15-0000863
(CONSOLIDATED)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RENEE MEYER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1DTC-14-070286 and 1DTC-15-032645)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Renee Meyer (**Meyer**) appeals from
(1) the Judgment and Notice of Entry of Judgment and/or Order and
Plea/Judgment in 1DTC-14-070286, and (2) the Judgment and Notice
of Entry of Judgment and/or Order and Plea/Judgment in 1DTC-15-
032645, both filed on October 7, 2015 (**Judgments**), in the
District Court of the First Circuit, Honolulu Division (**District
Court**).[1] Meyer was convicted of one count of driving without a
license, in violation of Hawaii Revised Statutes (HRS) § 286-
102(a) (Supp. 2015), a petty misdemeanor, in each case.

---

[1] The Honorable Paula Devens presided.

Meyer states her single point of error on appeal as: "Whether 'operating a motor vehicle without first being appropriately examined and duly licensed as a qualified driver' includes driving with an expired license?" Meyer argues that the plain language contained in the statute and the charge does not prohibit driving with an expired license. She further argues that the statute is at least ambiguous and must be interpreted in her favor based on the rule of lenity.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Meyer's point of error as follows:

HRS § 286-102(a) states, in relevant part:

> **§ 286-102  Licensing.** (a) . . . No person, except one:
>
> (1) Exempted under section 286-105;
> (2) Who holds an instruction permit under section 286-110;
> (3) Who holds a limited purpose driver's license, limited purpose provisional driver's license, or limited purpose instruction permit under section 286-104.5;
> (4) Who holds a provisional license under section 286-102.6;
> (5) Who holds a commercial driver's license issued under section 286-239; or
> (6) Who holds a commercial driver's license instruction permit issued under section 286-236,
>
> shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

HRS § 286-102(a) is relatively straightforward and requires, in pertinent part, that an individual be "appropriately examined" and "duly licensed as a qualified driver" when operating a motor vehicle. "Duly licensed" plainly means licensed in accordance with the applicable motor vehicle licensing law, which includes an expiration date.

See HRS § 286-106 (Supp. 2015). Meyer acknowledges that an expired license is not valid and that hers expired in 2011. Similarly, "appropriately examined" plainly means examined, or tested, in the manner provided by the applicable driver's license examination law. See HRS § 286-108 (Supp. 2015). Meyer's argument, that because HRS § 286-102(a) does not specifically state that one cannot drive with an expired license, driving with an expired license is not prohibited, is without merit.

We conclude that the requirements of HRS § 286-102(a) are clear, and not ambiguous. Thus, the rule of lenity does not apply.

Accordingly, the District Court's October 7, 2015 Judgments are affirmed.

DATED: Honolulu, Hawai'i, December 9, 2016.

On the briefs:

Walter R. Schoettle,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge